

**SO ORDERED.**

**SIGNED this 19 day of September, 2005.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
                **R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                                                                No. 05-10255
                                                                                                      Chapter 7
JAMES TERRY DERIGIOTIS
MARY JANE DERIGIOTIS

       Debtors


JAMES L. SMITH,

       Plaintiff

v.                                                                                                    Adversary Proceeding
                                                                                                      No. 05-1082
JAMES TERRY DERIGIOTIS
MARY JANE DERIGIOTIS,

       Defendants


**MEMORANDUM AND ORDER**

This adversary proceeding was commenced by James L. Smith ("Plaintiff") to determine the non-dischargeability of a debt owed by James Terry Derigiotis and Mary Jane Derigiotis ("Defendants"). The complaint cited 11 U.S.C. § 523(a)(4) and (6) as the statutory bases for the court to determine that this debt is non-dischargeable.

On June 28, 2005, the court entered an Order and Notice of Trial in which the court ordered, " A response to a dispositive motion must be filed within twenty (20) days after the date the motion was filed. Any opposing response shall be supported by a brief setting forth the facts and the law in opposition to the motion. After the time for response has expired, the court may rule on the motion without further notice and without a hearing." Furthermore, pursuant to Local Rule 7007-1, a failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion.

On August 15, 2005, the Plaintiff filed a brief in support of a motion for summary judgment, a statement of undisputed material facts, and a proposed order granting the motion, with service upon counsel for the defendants. Although the actual motion for summary judgment was not filed until September 7, 2005, the language of the brief in support thereof and the proposed order filed contemporaneously therewith provide sufficient notice to the parties of the movant's intent. Pursuant to the court's scheduling order, a response was due on or before September 4, 2005. No response has been filed by the defendants.

The court is required to make an independent determination that the motion has merit. *Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July 5, 2005). Upon review of the complaint, the answer, the exhibits, and the motion for summary judgment, the court finds that the motion should be granted for the reasons set forth in the brief in

support of the motion. Accordingly,

It is ORDERED that the motion for summary judgment by James L. Smith is GRANTED, and the judgment of the Circuit Court of Knox County, Tennessee, entered November 7, 2003, against the defendants is non-dischargeable.

# # #